**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0810-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LAZARO R. GUITEREZ,
a/k/a GUTIERREZ-RECINOS,
and LAZARO FACUNDO,

     Defendant-Appellant.

_____

Submitted February 23, 2021 – Decided March 15, 2021

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 14-09-1377.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Lazaro R. Guiterez, a non-citizen of the United States, appeals from an August 30, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On May 14, 2014, the Paramus police received a 911 call from the victim of a home invasion. The victim stated several male individuals broke into his home, threw him to the ground, covered his eyes and mouth, and tied him up with a telephone cord. After they fled the residence, the victim freed himself from the restraints and called the police.

A grand jury returned an indictment against defendant charging him with first-degree kidnapping, second-degree robbery, and third-degree burglary. Defendant entered a negotiated guilty plea to second-degree robbery and the court sentenced defendant in accordance with the plea agreement to an eight-year prison term, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court also dismissed the remaining charges in the indictment and assessed appropriate fines and penalties.

A-0810-19

During the plea hearing, defendant stated he felt "comfortable" proceeding with the services of the interpreter provided by the court. He also indicated that his counsel utilized an interpreter when she discussed the plea forms with him and that he understood the questions she asked. Defendant confirmed that he reviewed the investigatory reports and was satisfied with his counsel's representation. He also acknowledged he was waiving his right to a jury trial, that he was pleading guilty because he was, in fact, guilty, and that no one coerced, forced, or threatened him to plead guilty.

On the written plea forms, defendant confirmed he was not a United States citizen and responded "yes" to question 17(b), indicating he understood that "[his] guilty plea may result in [his] removal from the United States and . . . stop [him] from being able to legally enter or re-enter the United States[.]" Defendant also acknowledged he had the "right to seek individualized advice from an attorney about the effect [his] guilty plea will have on [his] immigration status[.]"

In response to question 17(d), however, defendant stated he had not discussed the potential immigration consequences of his plea with an attorney and failed to answer question 17(e), which asked if he would like the opportunity to do so. Defendant also did not respond to question 17(f), which inquired if he

still wanted to plead guilty after "[h]aving been advised of the possible immigration consequences and of [his] right to seek individualized legal advice on [his] immigration consequences." Instead, the plea forms contain a handwritten notation next to questions 17(e) and (f) that stated "ICE Det."[1]

At the plea hearing, the court addressed the potential immigration consequences of defendant's guilty plea during the following colloquy:

> THE COURT: Where were you born?
>
> THE DEFENDANT: In Guatemala.
>
> THE COURT: Are you a U.S. citizen?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand that as a result of your guilty plea, you will be deported after you serve your sentence? Do you understand that?
>
> THE DEFENDANT: Yes—Yes.
>
> THE COURT: Have you had the opportunity to discuss with an attorney the immigration consequences of pleading guilty?
>
> THE DEFENDANT: No. I haven't had the chance.
>
> . . . .
>
> DEFENDANT'S COUNSEL: Please excuse me. At the time of his arrest Your Honor, there [were] immigration

---

[1] U.S. Immigration and Customs Enforcement Detainer.

4

papers in his possession which indicated that he had an immigration problem before.

THE COURT:  Okay.

DEFENDANT'S COUNSEL:  [H]e was charged with these offenses.  And there is an ICE detainer against him at the present time.

THE COURT:  All right.  I have to ask you though[;] do you want additional time to speak with an immigration attorney?  Or do you want to move forward with your guilty plea understanding that you will be deported as a result of your plea?

THE DEFENDANT:  I want to continue with my guilty plea.

On direct appeal, defendant challenged only his sentence which we affirmed on the excessive sentence oral argument calendar.  R. 2:9-11.  The Supreme Court denied defendant's petition for certification.  State v. Guiterez, 231 N.J. 185 (2017).

Defendant filed a timely PCR petition, in which he primarily alleged his plea counsel was constitutionally deficient for failing to advise him of the immigration consequences of his plea.  Defendant specifically certified that his counsel "did not seriously discuss the immigration consequences of a guilty plea" and informed him that "any immigration consequences of my entering a guilty plea didn't matter."  Defendant also contended his counsel coerced him

A-0810-19

into accepting the plea, failed to use a Spanish interpreter during their discussions, and failed to properly review the case with him.[2]

Judge Christopher R. Kazlau considered defendant's certification, the parties' briefs and oral arguments and concluded defendant failed to establish a prima facie case of ineffective assistance of counsel under <u>Strickland v. Washington</u>.[3] He accordingly denied defendant's petition in an August 30, 2019 order and accompanying written opinion.

Judge Kazlau found that defendant's counsel's advice regarding the immigration consequences of his plea "was not objectively deficient," and that his counsel's performance did not "materially prejudice [defendant's] defense" in any event. The judge explained that during the plea colloquy defendant "advised [the] [c]ourt on the record that he was not a United States citizen, and he understood that he would be deported after completing his term of

---

[2] Defendant also alleged his appellate counsel was ineffective for failing to: 1) meet and confer with him regarding the bases for his appeal, and 2) raise all meritorious claims. Defendant does not raise these arguments before us, and we accordingly deem those claims waived. <u>See</u> <u>Gormley v. Wood-El</u>, 218 N.J. 72, 95 n.8 (2014); <u>R.</u> 2:6-2(a).

[3] To establish ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), by demonstrating that: 1) counsel's performance was deficient, and 2) the deficient performance actually prejudiced the accused's defense. The <u>Strickland</u> test has been adopted in New Jersey. <u>See</u> <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987).

A-0810-19

imprisonment." Judge Kazlau also pointed out that defendant declined additional time to speak with an immigration attorney, indicated on his plea form that he "understood that he may be deported," and noted defendant had a detainer from ICE lodged against him prior to the guilty plea.[4]

In rejecting defendant's remaining claims, Judge Kazlau noted that defendant "stated under oath that he[:] (1) reviewed all relevant documentation as it related to his case; (2) was satisfied with trial counsel's legal representation; (3) understood the conditions of the plea agreement; and (4) wanted to proceed with entering his guilty plea." Additionally, the judge explained that defendant "confirmed that a Spanish interpreter was utilized while trial counsel discussed the plea form with him, and he understood all of the information that was translated to him." Further, Judge Kazlau found that defendant failed to provide any evidence to support his claim that trial counsel coerced him into pleading guilty. This appeal followed.

On appeal, defendant raises a single point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO USE

---

[4] At sentencing, the court stated that the presentence report noted that "in August of 2012 . . . [defendant] was arrested and charged under the Alien Inadmissibility Act." The report, however, did not indicate the disposition of that charge.

AN INTERPRETER, BY AFFIRMATIVELY MISADVISING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA, AND BY FAILING TO DISCUSS THE CASE AND COMMUNICATE, THEREBY FORCING HIM INTO A GUILTY PLEA.

We affirm substantially for the reasons expressed by Judge Kazlau in his August 30, 2019 written opinion. We add the following additional comments.

## II.

We first address defendant's argument that his counsel failed to properly advise him of the immigration consequences of his guilty plea. We disagree with defendant's claim as the record clearly demonstrates defendant was aware he would be deported if he pled guilty.

In the context of a guilty plea, "a defendant must prove that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (citations omitted) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must also convince the court that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). The court must consider the facts in the light most favorable to the defendant to determine

if a defendant has established a prima facie claim. State v. Preciose, 129 N.J. 451, 462-63 (1992).

"[T]o satisfy a defendant's Sixth Amendment right to effective assistance of counsel, counsel has an affirmative obligation to inform a client-defendant when a plea places the client at risk of deportation." Gaitan, 209 N.J. at 356 (citing Padilla, 559 U.S. at 373-74 (addressing deportation consequences to a criminal defendant)). However, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 582 U.S. ___, 137 S. Ct. 1958, 1967 (2017).

Courts instead should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Ibid. Further, regardless of defense counsel's advice, "[t]he judge is obliged to ascertain that a plea is entered voluntarily, without threats or promises outside the record, 'with an understanding of the nature of the charge and the consequences of the plea.'" State v. Blake, 444 N.J. Super. 285, 297 (App. Div. 2016) (quoting R. 3:9-2).

Here, it is clear from the plea colloquy that defendant was informed by the court, in no uncertain terms, that deportation was unavoidable. Further, at the time of defendant's arrest for kidnapping, robbery, and burglary, he was

9

already subject to an ICE detainer, a fact first revealed in defendant's plea forms, and later when defendant's counsel advised the court during the plea hearing. Notably, defendant did not dispute that he was subject to an ICE detainer during the plea or PCR proceedings and has not contested that fact before us. Under these circumstances, we find no basis in the record to conclude that defense counsel's comments, accepting them as true, could have minimized defendant's risk of removal or misled him in accordance with the standards set forth in Padilla and Gaitan.

We acknowledge defendant did not formally respond to all questions on the plea form. However, we are satisfied that defendant fully understood the immigration consequences of his guilty plea. The plea forms note that defendant was already subject to an immigration detainer, and as the plea colloquy confirms, defendant was advised by the court he would be subject to deportation if he pled guilty. Defendant also refused the opportunity to speak with immigration counsel, instead confirming he wished to proceed with the plea hearing.

### III.

We reach a similar conclusion with respect to defendant's allegations that his counsel was ineffective during "pretrial preparation." First, in his

A-0810-19

certification in support of his petition, defendant merely asserted that he "was not properly, or effectively represented by [his] attorney during the pretrial preparation process, and during [his] trial." Such bald, conclusory allegations are insufficient to establish a prima facie claim of ineffective assistance of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Second, during the plea colloquy defendant admitted he was satisfied with his counsel's representation.

We also reject defendant's belated complaints regarding the availability or quality of the interpreter during counsel's meetings with him or during court proceedings. As to the plea and sentencing proceedings, defendant does not dispute that an interpreter was present during those hearings. Further, defendant raised no objection to the quality of the interpretation, instead stating he was "comfortable" proceeding at the plea hearing.

We also find without merit defendant's vague complaints regarding the interpreter employed by his counsel at pretrial meetings. Again, defendant confirmed during the plea colloquy that an interpreter was present when his counsel reviewed the plea forms with him and that he understood the interpreter.

In his certification, defendant claims that the translator service used "did not work well [as] . . . it would cut out" and he did not "believe the translator

11

was using the correct words." Defendant fails to provide details about these off-the-record conversations with plea counsel, does not point to any specific facts or evidence to support his claims, or identify what he was unable to communicate to his counsel. Thus, he does not allege facts "sufficient to demonstrate counsel's alleged substandard performance." State v. Jones, 219 N.J. 298, 312 (2014) (quoting State v. Porter, 216 N.J. 343, 355 (2013)); see also Cummings, 321 N.J. Super. at 170.

Moreover, under the circumstances, there is no evidence that had defendant been provided additional information about the possibility of being deported, it would have been rational for him to forego the plea offers and face trial and the risk of an increased sentence. See Lee, 582 U.S. ___, 137 S. Ct. at 1967; Strickland, 466 U.S. at 687; State v. DiFrisco, 137 N.J. 434, 457 (1994). Indeed, defendant was facing multiple counts including first-degree kidnapping, but pled guilty to only second-degree robbery with the State agreeing to dismiss the remaining counts. If convicted of the kidnapping charge alone, defendant faced a sentencing exposure of fifteen to thirty years, N.J.S.A. 2C:13-1(c)(1), substantially more than the eight-year sentence that he received for the robbery conviction. See also State v. Cuff, 239 N.J. 321, 338 n.2 (2019) (noting that a

"defendant convicted of first-degree kidnapping faces a term of fifteen to thirty years[] incarceration").

In sum, we discern no basis to disturb the PCR judge's determination that defendant failed to make a prima facie case of ineffective assistance of counsel. Because no prima facie showing of prejudicial ineffectiveness was advanced, the PCR judge was not obligated to conduct an evidentiary hearing. Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0810-19